# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO. CASE NO. 08-60207-CR-DIMITROULEAS/Rosenbaum(s)

21 U.S.C. § 841(a)(1)
18 U.S.C. § 924(c)
18 U.S.C. § 922(g)(1)
18 U.S.C. § 924(e)
18 U.S.C. § 924(d)(1)

FILED by_____D.C.

OCT 1 6 2008

STEVEN M. LARIMORE
CLERK U. S. DIST. CT.
S. D. of FLA. – FT. LAUD.

UNITED STATES OF AMERICA

v.

JACQUES HERNES TELCY,

Defendant.
_____ /

## INDICTMENT

The Grand Jury charges that:

### COUNT 1

On or about August 1, 2008, in Broward County, in the Southern District of Florida, the defendant,

### JACQUES HERNES TELCY,

did knowingly and intentionally possess with intent to distribute a controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

Pursuant to Title 21, United States Code, Section 841(b)(1)(A), it is further alleged that the controlled substance consisted of fifty (50) grams or more of a mixture and substance containing a detectable amount of cocaine base, more commonly known as "crack" cocaine.

### COUNT 2

On or about August 1, 2008, in Broward County, in the Southern District of Florida, the defendant,

### JACQUES HERNES TELCY,

did knowingly and intentionally possess with intent to distribute a controlled substance, in violation

of Title 21, United States Code, Section 841(a)(1).

Pursuant to Title 21, United States Code, Section 841(b)(1)(B), it is further alleged that the controlled substance consisted of five hundred (500) grams or more a mixture and substance containing a detectable amount of cocaine hydrochloride.

## COUNT 3

On or about August 1, 2008, in Broward County, in the Southern District of Florida, the defendant,

## JACQUES HERNES TELCY,

did knowingly use and carry a firearm, that is, a .45 caliber Witness semi-automatic handgun bearing serial number EA15983, during and in relation to a drug trafficking crime, that is, a violation of Title 21, United States Code, Section 841(a)(1), as set forth in Counts 1 and 2 of this Indictment, and did possess said firearm in furtherance of such crime; all in violation of Title 18, United States Code, Section 924(c)(1)(A).

## COUNT 4

On or about August 1, 2008, in Broward County, in the Southern District of Florida, the defendant,

## JACQUES HERNES TELCY,

having been convicted of a crime punishable by imprisonment for a term exceeding one (1) year, did knowingly possess a firearm in and affecting interstate commerce, that is, a .45 caliber Witness semi-automatic handgun bearing serial number EA15983, and ammunition, that is, nine (9) rounds of CBC brand .45 caliber ammunition; twenty (20) rounds of R-P brand .223 caliber ammunition; three (3) rounds of R-P brand .38 caliber ammunition; and one (1) round of Winchester brand .38 caliber ammunition; in violation of Title 18, United States Code, Sections 922(g)(1) and 924(e).

## FORFEITURE

1.    The allegations of Counts 1 through 4 of this Indictment are re-alleged and by this reference fully incorporated herein for the purpose of alleging forfeitures to the United States of

America of property in which the defendant has an interest, pursuant to the provisions of 18 U.S.C. § 924(d)(1), as incorporated by 28 U.S.C. § 2461(c) and the procedures outlined at 21 U.S.C. § 853.

2.      Upon the conviction of any violation of Title 18, United States Code, Sections 922(g)(1) or 924(c), the defendant, **JACQUES HERNES TELCY**, shall forfeit to the United States any firearm or ammunition involved in or used in the commission of said violation.

3.      The property subject to forfeiture includes but is not limited to:

a) .45 caliber Witness semi-automatic handgun bearing serial number EA15983;

b) nine (9) rounds of CBC brand .45 caliber ammunition;

c) twenty (20) rounds of R-P brand .223 caliber ammunition;

d) three (3) rounds of R-P brand .38 caliber ammunition; and

e) one (1) round of Winchester brand .38 caliber ammunition.

All pursuant to 18 U.S.C. § 924(d)(1), as incorporated by 28 U.S.C. § 2461 and 21 U.S.C. § 853.

A TRUE BILL

                     ›

_____
FOR1

_____

_____
R. ALEXANDER ACOSTA
UNITED STATES ATTORNEY

_____
ROBIN WAUGH-FARRETTA
ASSISTANT UNITED STATES ATTORNEY

3

UNITED STATES OF AMERICA

vs.

JACQUES HERNES TELCY,

Defendant.
_____/

CASE NO. _____

## CERTIFICATE OF TRIAL ATTORNEY*

**Superseding Case Information:**

**Court Division**: (Select One)

New Defendant(s)        Yes _____    No __X__
Number of New Defendants
Total number of counts        __2__

____ Miami    ____ Key West
__X__ FTL     ____ WPB    ____ FTP

I do hereby certify that:

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3. Interpreter:    (Yes or No)    __No__
   List language and/or dialect    _____

4. This case will take    __2-3__    days for the parties to try.

5. Please check appropriate category and type of offense listed below:

   (Check only one)    (Check only one)

   | I   | 0 to 5 days    | __X__ |
   |-----|----------------|-------|
   | II  | 6 to 10 days   | _____ |
   | III | 11 to 20 days  | _____ |
   | IV  | 21 to 60 days  | _____ |
   | V   | 61 days and over | _____ |

   Petty    _____
   Minor    _____
   Misdem.  _____
   Felony   __x____

6. Has this case been previously filed in this District Court? (Yes or No)    __Yes__
   If yes:
   Judge: __William P. Dimitrouleas__    Case No. 08-60207-CR-DIMITROULEAS
   (Attach copy of dispositive order)
   Has a complaint been filed in this matter?    (Yes or No)    __Yes__
   If yes:
   Magistrate Case No.    __08-6282-RSR__
   Related Miscellaneous numbers: _____
   Defendant(s) in federal custody as of    __August 1, 2008__
   Defendant(s) in state custody as of    _____
   Rule 20 from the    _____    District of _____

   Is this a potential death penalty case? (Yes or No)    __No__

7. Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to October 14, 2003?    _____ Yes    __x__ No

8. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to September 1, 2007?    _____ Yes    __x__ No

_____
Robin Waugh-Farretta
ASSISTANT UNITED STATES ATTORNEY
Florida Bar No. 537837

*Penalty Sheet(s) attached

REV 4/8/08

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

## *PENALTY SHEET*

Defendant Name: **JACQUES HERNES TELCY**          Case No:_____

| | |
|---|---|
| Count #:     1: | POSSESSION WITH INTENT TO DISTRIBUTE A CONTROLLED SUBSTANCE, THAT IS, COCAINE BASE |
| | Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A) |
| *Max Penalty: | Life imprisonment, with ten (10) years' mandatory minimum imprisonment; $4,000,000 fine; at least five (5) years' supervised release up to Life |
| | |
| Count #:     2: | POSSESSION WITH INTENT TO DISTRIBUTE A CONTROLLED SUBSTANCE, THAT IS, COCAINE HYDROCHLORIDE |
| | Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(B) |
| *Max Penalty: | Forty (40) years' imprisonment, with a mandatory minimum of five (5) years' imprisonment; $2,000,000 fine; at least four (4) years' supervised release up to Life |
| | |
| Count #:     3: | USE AND CARRY A FIREARM DURING AND IN RELATION TO A DRUG TRAFFICKING CRIME AND POSSESSION OF A FIREARM IN FURTHERANCE OF SUCH CRIME |
| | Title 18, United States Code, Section 924(c)(1)(A) |
| *Max Penalty: | Consecutive sentence up to Life imprisonment, with a mandatory minimum of five (5) years' imprisonment; $250,000 fine; no more than three years' supervised release |
| | |
| Count #:     4: | FELON IN POSSESSION |
| | Title 18, Untied States Code, Sections 922(g)(1) and 924(e) |
| *Max Penalty: | Life imprisonment, with a mandatory minimum of fifteen (15) years' imprisonment; $250,000 fine; no more than five (5) years' supervised release |
| | |

*Refers only to possible terms of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.