UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA,    CASE NO.  08-60207-CR-DIMITROULEAS

    Plaintiff,

vs.

JACQUES HERNES TELCY,

    Defendant.
_____/

### ORDER ON 851(b) HEARING

THIS CAUSE is before the Court on the Government's November 12, 2008 Notice of Intent to Seek Enhanced Penalties [DE-51].  Subsequent to the trial, but before sentencing, the Court received testimony from Sofia Peters, Ali Berisha and Andrea Scaglione at an evidentiary hearing held on January 6, 2009.  The Court received exhibits and heard arguments of counsel.  The Defendant did not deny that he was convicted in two cases: 99-7931CF or 95-18480CF.  However, he did not remember being convicted in 96-11457CF.  Based upon the testimony and evidence received, the Court finds that the Defendant was convicted in all three cases.  As to 96-11457CF, the Court notes that the DEA print card rolled on September 3, 2008 indicates that the Defendant has a date of birth (DOB) of 2/14/78, with a social security number ending in 0025.  (Exh. #1).  The two page booking sheet for 96-11457CF reflects Telcy's date of birth as being 2/14/78 on both pages.  However, on the first page the handwritten 8 could be confused as a 0.  Consequently, the Court concludes that the information, later filed by the State Attorney's Office, erroneously reflected a DOB of 2/14/70.  The booking sheet for 96-11457CF also had the identical social security number ending in 0025.  Finally, the fingerprint evidence adduced was

convincing, beyond a reasonable doubt. The Court concludes that all three convictions are properly attributed to the Defendant. Additionally, all three convictions occurred more than five (5) years prior to the 851 notice being filed. 21 U.S.C. § 851(e). The Court finds that the Defendant's sentence shall be enhanced pursuant to 21 U.S.C. § 841 and 851.[1] However, the Defendant may file a Motion for Rehearing within ten (10) days.

DONE AND ORDERED in Chambers at Fort Lauderdale, Broward County, Florida, this 6th day of January, 2009.

WILLIAM P. DIMITROULEAS
United States District Judge

Copies furnished to:

Jonathan Kasen, Esquire
Robin Waugh-Faretta, AUSA

---

[1] As to Count One, two or more felony drug offenses require a mandatory life sentence. U.S. v. Cannon, 429 F. 3d 1158, 1160 (7th Cir. 2005). Possession of Cocaine and Possession of Cocaine with Intent to Deliver are felony drug offenses. U.S. v. Richards, 302 F. 3d 58, 71 (2d Cir. 2002); U.S. v. Vereen, 173 Fed. Appx. 810, 811 (11th Cir.) cert. denied, 549 U.S. 860 (2006); as to Count Two, a prior felony drug conviction would mandate a ten (10) year minimum, with a maximum of life in prison.