1

```
 1                    UNITED STATES DISTRICT COURT
                      SOUTHERN DISTRICT OF FLORIDA
 2

 3   UNITED STATES OF AMERICA,      )  CASE NO. 08-60207-CR-WPD
                                    )
 4                  Plaintiff,      )
                                    )
 5            -v-                   )
                                    )
 6   JACQUES HERNES TELCY,          )
                                    )  Fort Lauderdale, Florida
 7                  Defendant.      )  February 17, 2009
                                    )  9:00 a.m.
 8

 9                      TRANSCRIPT OF SENTENCE

10           BEFORE THE HONORABLE WILLIAM P. DIMITROULEAS

11                      U.S. DISTRICT JUDGE

12   APPEARANCES:

13   For the Plaintiff:      ROBIN WAUGH-FARRETTA, ESQ.
                             Assistant U.S. Attorney
14                           500 E. Broward Boulevard
                             Suite 700
15                           Fort Lauderdale, Florida 33394

16
     For the Defendant:      JONATHAN KASEN, ESQ.
17                           Trial Lawyers Building
                             633 Southeast 3rd Avenue
18                           Suite 203
                             Fort Lauderdale, Florida  33301
19

20   Reporter:              ROBERT A. RYCKOFF
                            Official Court Reporter
21                          299 East Broward Boulevard
                            Fort Lauderdale, Florida 33301
22                          954-769-5657

23

24

25
```

```
 1     (Call to order of the Court.)

 2          THE COURT:  United States versus Jacques Telcy.

 3          If counsel would announce their appearances for the

 4    record.

 5          MS. WAUGH-FARRETTA:  Good morning, Your Honor.

 6          Robin Waugh on behalf of the United States of

 7    America.

 8          Also at counsel table is Ben Murphy, Special Agent

 9    with the Drug Enforcement Administration.

10          MR. KASEN:  Judge, good morning.

11          Jonathan Kasen, K-a-s-e-n, on behalf of Mr. Telcy who

12    is to my right.

13          THE COURT:  All right.

14          Mr. Telcy is before the Court having been found

15    guilty of possession with the intent to distribute 50 grams or

16    more of crack cocaine, possession with the intent to distribute

17    500 grams or more of cocaine, using a firearm in relation to a

18    drug trafficking crime and possession of a firearm by a

19    convicted felon.

20          I adjudicated him guilty, deferred sentencing,

21    ordered a Presentence Investigation Report that I have received

22    and reviewed.

23          Have counsel had an opportunity to review the

24    Presentence Investigation Report?

25          Ms. Waugh?
```

```
 1              MS. WAUGH-FARRETTA:  Yes, I have, Your Honor.
 2              THE COURT:  Mr. Kasen?
 3              MR. KASEN:  Yes, sir.
 4              THE COURT:  Mr. Telcy, have you read the Presentence
 5    Investigation Report and discussed it with your lawyer?
 6              THE DEFENDANT:  Yes, sir.
 7              THE COURT:  Any objection to the Presentence
 8    Investigation Report from the Government?
 9              MS. WAUGH-FARRETTA:  No objection, Your Honor.
10              THE COURT:  Mr. Kasen?
11              MR. KASEN:  Judge, I had filed obviously some --
12    previously some objections on this matter.  I know there has
13    been both an amendment and a revised PSI.
14              I would also add, Judge -- and I apologize --  I was
15    unable to file it.  I had fractured my elbow, so I have been
16    typing with one hand.  But I would also, Judge, object.  I
17    think that paragraph 37 of the -- I think it's referred to,
18    Your Honor, as the Revised PSI, there is a two-point addition
19    under the criminal history for a driving with a suspended
20    license.  It is a TC or a traffic criminal matter.  And my
21    reading of Statute 4A, I don't believe that it would apply.
22              I do note that he did receive 62 days of jail and
23    this statute does contemplate either 30 days or a year of
24    probation.  However, since it is not a misdemeanor case,
25    traffic criminals do not have a probationary aspect to them
```

1   that it could exceed a year.  I would object to the inclusion

2   of those two points.

3            I had previously filed my objection, Judge, as well,

4   to paragraph 40, the possession of cannabis because a

5   misdemeanor by definition cannot have more than a year of

6   probation, and in paragraph 40 he received only 19 days in

7   jail, which is obviously less than 30.

8            I would also note for the Court looking at the brief

9   factual explanation on that charge that it was a constructive

10  possession case at the most.  An individual was also driving

11  and Mr. Telcy was in the right front passenger seat.

12           So for those reasons I would object to the inclusion

13  of those three points.  I previously filed my objections to all

14  of those, other than to paragraph 37.

15           And I guess, just for the record, reiterate all the

16  previous objections I had filed electronically with this Court.

17           THE COURT:  I guess the objections are pretty much

18  academic if he is an armed career offender, are they not?

19           MR. KASEN:  Judge, they would be obviously for

20  appellate purposes.  I want to make sure my record is clear.

21           I also had objected to the 851 enhancement.  I felt

22  that the Government failed to establish that he had the

23  requisite three priors.  I noted that two of the three priors

24  had the identifying data or characteristics consistent with

25  Mr. Telcy, but as I argued to the Court at our hearing -- I

```
 1   don't recall the date on it -- I think it was sometime in
 2   January or December -- that the Government failed to establish
 3   the date of birth in question were the same and the individual
 4   was one and the same.
 5            I noted in the Court's order that the Court -- in my
 6   estimation -- extended the Government's argument and said,
 7   well, the identifying information, specifically the date of
 8   birth, could have been easily construed as a scrivener's
 9   error.  The "8" could have been construed as a zero, or vice
10   versa.
11            I would respectfully submit that that evidence was
12   not elicited during the hearing, and I felt that the Court
13   attempted to establish that on its own.
14            Again, the date of birth was missing from that third
15   and requisite conviction under 851.  And I also had filed an
16   objection to that in my previous objections.
17            THE COURT:  Did I imagine that exhibit or did I dream
18   it or was it was introduced into evidence?
19            MR. KASEN:  No.  It was introduced into evidence.  I
20   don't think --
21            THE COURT:  What you are saying is that if the
22   Government doesn't argue something, I can't look at the
23   evidence and come to my own conclusion?
24            MR. KASEN:  No.
25            My position, Judge, is, quite frankly, if the
```

6

1   Government is seeking to introduce something and it's missing

2   something which is significant, i.e., identifying

3   characteristics, I don't believe it's the Court's posture to

4   then imply or intuit (phonetic), if you will, that's what the

5   Government meant to say.  I think it's their obligation to

6   prove that up, and I don't think the Court should then

7   extrapolate back based upon a probable cause affidavit that

8   it's one and the same when the information on the front of the

9   AEFIS (phonetic) report is devoid of the requirement.  And that

10  was my position at the hearing.  That's my position now.  And I

11  filed an objection to that extent.

12          THE COURT:  Think when they introduce documents that

13  the Court can consider that satisfies their burden of going

14  forward.  I don't know they have the burden of making all the

15  legal arguments that the Court can conclude from the

16  documents.

17          So that objection is overruled.

18          The possession of cannabis, that's paragraph 34, I

19  find that 4A1.2(c)(1) doesn't mention cannabis.  It doesn't

20  mention drugs.  Therefore, I think that's properly scored.

21          Paragraph 37 that you are talking about, driving on a

22  suspended license, you are saying because that's a criminal

23  traffic offense, that doesn't qualify as a misdemeanor or petty

24  offense?

25          MR. KASEN:  That would be my position, Judge, yes.  A

```
 1   traffic criminal is less than a misdemeanor.  And if it was a
 2   misdemeanor, Judge, it would require the Information saying
 3   MM10A (phonetic).  It does not.  It says TC10A (phonetic).  You
 4   cannot have probation longer than a year on a TC case, Judge.
 5            THE COURT:  You can't have probation for longer than
 6   a year on a misdemeanor either.
 7            MR. KASEN:  That's correct.  That's why I made the
 8   argument --
 9            THE COURT:  So why is it lesser than a misdemeanor?
10            MR. KASEN:  It's lesser than a misdemeanor, Judge,
11   because that's the way it's filed by the Broward County Clerk
12   of Court's Office.
13            And I would argue that in both instances the points
14   should not because you cannot have probation that exceeds a
15   year.  That's what the statute requires under 4A.
16            THE COURT:  What does the Clerk's Office in Broward
17   County filing something in a particular manner have anything to
18   do with how I score sentencing guidelines?
19            MR. KASEN:  I think, Judge, the statute requires --
20   it's obviously a felony conviction, which would not apply in
21   this particular instance, or, alternatively, a misdemeanor
22   which would exceed probation by more than a year or more than
23   30 days in jail.
24            In this particular case it's not a misdemeanor.  It's
25   cited as a traffic criminal, which is a lesser offense than a
```

1    misdemeanor.

2           THE COURT:  Why is it a lesser offense than a

3    misdemeanor?

4           MR. KASEN:  Traffic criminal?

5           Because it has -- it carries less penalties than a

6    misdemeanor does, Judge.  I believe on traffic criminal the

7    most you can get is six months of probation.  I don't believe

8    you can even get a year probation unlike a first-degree --

9           THE COURT:  How about a second-degree misdemeanor,

10   the most you can get is six months probation.

11          MR. KASEN:  That's correct.

12          Or a maximum of 60 days in jail.

13          THE COURT:  So on some criminal traffic offenses you

14   can get more than 60 days in jail.  On reckless driving you can

15   get more than 60 days in jail.

16          So why is a criminal traffic offense less serious

17   than a misdemeanor?

18          MR. KASEN:  That's the way it is done by the Broward

19   County Clerk of Courts and the State Attorney's Office, Judge.

20   And the statute under 4A, as laid out by the U.S. Congress,

21   specifically says misdemeanors or felonies.

22          If the Court would be --

23          THE COURT:  I wasn't bound by the Clerk's Office and

24   the State Attorney's Office when I was a Circuit Court Judge.

25   I am certainly not bound by their interpretations.  Assuming

9

1    that your conclusion about their interpretations is correct, I

2    am certainly not bound by any interpretations from the Clerk's

3    Office or the State Attorney of the 17th Judicial Circuit as a

4    Federal Judge.

5              So your objections are overruled.

6              MR. KASEN:  Judge, I would just note I am not asking

7    the Court to be bound by the Clerk of Court.  But what I am

8    saying is that Congress specifically did not include language

9    that spoke to traffic criminals.  It said misdemeanors and

10   felonies.

11             That being the case, my implication or my

12   understanding then would only apply in those two instances.

13             That's my argument.

14             THE COURT:  I thought they said misdemeanors and

15   petty offenses?

16             MR. KASEN:  Traffic criminal is not a petty offense,

17   Judge.  Petty offense deals with -- in my estimation -- theft

18   charges, those sorts of things, loitering and prowling, open

19   container.

20             THE COURT:  Misdemeanors.

21             MR. KASEN:  Some misdemeanors.  Maybe not others.

22             THE COURT:  Maybe some criminal traffic.

23             I think driving on a suspended license is equivalent

24   to a misdemeanor.

25             Your objection is overruled.

```
 1              Any other objections to the Presentence Investigation
 2    Report?
 3              MR. KASEN:  Judge, none other than the ones I
 4    previously made.
 5              THE COURT:  So we come up with an offense level 33,
 6    criminal history category 4 for a range of 188 to 235 months,
 7    is that correct?
 8              MR. KASEN:  I believe that's correct, Judge.
 9              THE COURT:  But there is a mandatory life sentence as
10    to count one, is that correct?
11              MS. WAUGH-FARRETTA:  That's correct, Your Honor.
12              THE COURT:  Any legal cause to show why sentence
13    should not be imposed?
14              MR. KASEN:  No, Judge.
15              THE COURT:  Anything you want to say, Mr. Telcy,
16    before I impose sentence?
17              THE DEFENDANT:  No, sir.
18              THE COURT:  Anything further before I impose
19    sentence?
20              MR. KASEN:  Judge, I would just note again also -- I
21    recognize that the Court is constrained by the 851 again --
22    assuming that the Court finds that that is in play -- but if
23    the Court looks at 3553 factors, I would say that the instant
24    charge is inconsistent with the nature and circumstances of his
25    prior criminal history.  Most of his prior criminal history is
```

1  of a -- excuse the term -- nickel and dime crimes, nickel and

2  dime drug charges.

3           This is an instance in which we again have made the

4  argument, and the Court indicated it was a very close call at

5  sentencing, that the firearm aspect in this case was never

6  established; that it was his ability to exercise dominion and

7  control over that object.  The drugs in question, you had

8  testimony that a number of individuals had access to that

9  apartment.  Specifically three or four or five different people

10  had keys.  And again our argument would be that the nature and

11  circumstances according to the 3553 factors are inconsistent

12  with the instant charge.  And for those reasons we would argue

13  that the imposition of a life sentence is far and above

14  anything that would be consistent with the crime that was

15  committed here.

16          THE COURT:  I wonder if the Plantation Police

17  Department would concur in your assessment that his prior

18  crimes are nickel and dime offense, when in 2002 they saw a

19  drug deal going down and they tried to apprehend the

20  individuals.  Mr. Telcy put his car in reverse, rammed one of

21  the police vehicles.  When he was stopped he pushed and punched

22  the police officer and fled on foot.  It doesn't sound like a

23  nickel and dime offense to me.

24          MR. KASEN:  Judge, if you look at the sentence he

25  received, which was a year in the county jail, obviously the

1   State Attorney's Office felt that it was.  Otherwise they would

2   have required him to do a substantial period of prison and they

3   did not.

4          And I would also note for the Court that that case, I

5   believe, was pled with several other cases at the same time.

6   So in effect he was given credit, if you will, for resolving

7   the matters all on the same day.

8          THE COURT:  Again, I don't know that the State

9   Attorney's involvement in this case necessarily is reflected by

10  a sentence of 364 days in the county jail.  I don't know that

11  it was a plea bargain.  I don't know if it was an open plea.

12         So I don't know that even if the State Attorney's

13  assessment of the case were controlling on me that the sentence

14  is reflective of their position in the case.

15         Anything further before I impose sentence?

16         MR. KASEN:  No, sir.

17         THE COURT:  All right.

18         Having considered the Sentencing Guidelines, having

19  considered the factors in 18 United States Code, Section

20  3553(a), it's up to the Court to determine what a reasonable

21  and sufficient sentence is.

22         It will be the judgment of the Court and sentence of

23  law that Mr. Telcy be sentenced to life in prison on count

24  one.

25         I sentence him to 235 months in prison on counts two

1   and four to run concurrent with each other and concurrent with

2   count one.

3           I sentence him to five years in prison on count three

4   to run consecutive to counts one, two and four.

5           Upon release from prison -- if Mr. Telcy ever gets

6   out of prison -- I place him on ten years of supervised release

7   as to count one, eight years supervised release as to count

8   two, five years supervised release as to counts three and four,

9   to run concurrent with each other.

10          While on supervised release he shall not commit any

11  crimes, he shall be prohibited from possessing a firearm or

12  other dangerous device, he shall not possess any controlled

13  substances, he shall comply with the standard conditions of

14  supervised release, including the special condition that if he

15  is removed or deported that he -- that the remainder of the

16  supervised release will be non-reporting while he is outside

17  the United States.

18          If he should reenter the United States during the

19  period of the supervised release, he is to report to the

20  nearest Probation Office within 72 hours of his arrival.

21          If he is not removed or deported, the Court will

22  require him to get a drug and alcohol evaluation and

23  successfully complete any treatment deemed necessary and

24  contribute to the costs of the treatment based on an ability to

25  pay.

14

```
 1              I order that he provide complete access to his
 2   probation officer regarding all of his financial information.
 3              I order that he maintain full-time, legitimate
 4   employment and provide documentation of that to his probation
 5   officer.
 6              I order that he obtain prior written approval from
 7   the Court before entering into any self-employment.
 8              And I order that he submit to a reasonable search of
 9   his person or property conducted in a reasonable time and
10   manner.
11              I find that he is not able to pay a fine.  I waive
12   the fine; impose a $400 special assessment.
13              Mr. Telcy, it's my duty to inform you that you have
14   ten days within which to appeal the judgment and sentence of
15   this Court.
16              Should you desire to appeal and be without funds with
17   which to prosecute an appeal, an attorney will be appointed to
18   represent you in connection with that appeal.
19              Should you fail to appeal within that ten-day period,
20   it will constitute a waiver of your right to appeal.
21              Also it's my duty to elicit from counsel for all
22   parties fully articulated objections to the Court's findings of
23   fact and conclusions of law as announced at this sentencing
24   hearing and to further elicit any objection which any party may
25   have to the manner in which the sentence was imposed in this
```

15

```
 1   case.
 2             Are there any objections from the Government?
 3             MS. WAUGH-FARRETTA:  None, Your Honor.
 4             THE COURT:  Mr. Kasen?
 5             MR. KASEN:  Judge, none other than those previously
 6   mentioned.
 7             THE COURT:  All right.
 8             The Marshal will execute the sentence of the Court.
 9             Good luck to you, Mr. Telcy.
10             (Proceedings concluded at 9:18 a.m.)
11
12
13                     REPORTER'S CERTIFICATION
14
15        I hereby certify that the foregoing is a true and accurate
16   transcript of the proceedings recorded by me and reduced to
17   typewriting at my direction.
18
19
20                              Court Reporter
21                              Robert Ryckoff
22                              /S/ Robert Ryckoff
23
24                              Date: 4/16/09
25
```